MEMO ENDORS[ED]

# Law Offices of
# Daniel A. Hochheiser
Attorney At Law
2 Overhill Road, Suite 400
Scarsdale, New York 10583
dah@hochheiser.com
(646) 863-4246

April 23, 2020

Via ECF and email
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *U.S. v. Damon Hawkins*, 19 Cr. 562 (KMK)

Your Honor:

My client, Damon Hawkins, is scheduled to plead guilty tomorrow at 10:30 a.m. before U.S. Mag. Judge Paul E. Davison (SDNY White Plains).

My client wishes to go forward remotely with tomorrow's change of plea proceeding before Judge Davison. Accordingly, I request that Your Honor make a finding that: "the plea in this case cannot be further delayed without serious harm to the interests of justice." This finding is appropriate from Hawkins' perspective, as he has been incarcerated at the Westchester County Jail since his August 8, 2019 arrest.

The Westchester County Jail has had a number of positive cases of COVID-19 among both inmates and staff[1]. The longer Hawkins remains incarcerated among hundreds of inmates at the Jail, in a densely populated environment, among those who have already tested positive, the higher the chances of him getting sick. A delay in the change of plea proceeding would cause serious harm to the interests of justice and potentially to Hawkins' health.

---

[1] According to an email from AUSA Perry Carbone to Judge Seibel this past Friday April 17, 2020, the numbers of COVID-19 at Westchester County Jail are as follows:

Total Inmates & Staff Tested: 335
Inmates Positive: 44
Inmates Negative: 6
Inmates Awaiting Results: 4
Staff Positive: 128
Staff Negative: 128
Staff Awaiting Results: 25

Hawkins would be pleading guilty to a 21 USC (b)(1)(C) drug conspiracy charge without a mandatory minimum, pursuant to a plea agreement with the Government. At sentencing, given the history and characteristics of Hawkins, I will ask Your Honor to sentence Hawkins to time served. I expect the Government to request a Guidelines sentence in accordance with the 46-57 month range stipulated to in the agreement.

To avoid a prejudicial delay in these proceedings during this deadly pandemic, I request that Your Honor find that both conditions of the CARES Act have been met: (1) that the chief judge of the district has specifically found . . . that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety; and (2) that in this particular case, Your Honor finds that the case cannot be further delayed without serious harm to the interests of justice and thus that the plea in this case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

I have conferred with AUSA David Felton, the Government takes no position on this application.

The Court makes both findings under the CARES Act, for the reasons outlined in this letter.

So Ordered.

4/23/20

Respectfully submitted,

Daniel A. Hochheiser

Cc: AUSA David Felton via ECF